IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THEODORE KHNANISHO, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 3:22-cv-02791-N-BT |
| | § | |
| SOUTHERN MAIL SERVICE, INC. et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Theodore Khnanisho brings this *pro se* civil action against his former employer, Southern Mail Service, Inc., and various employees of Southern Mail, for retaliation and wrongful termination. For the reasons explained below, the Court should **DISMISS** this case without prejudice under Federal Rule of Civil Procedure 41(b).

## Background

Khnanisho initiated this lawsuit on December 13, 2022, alleging that Defendants Southern Mail, Tanya Sims, Janice Bryant, Charleston Peters, Jarred Bray, and Jimbob Elliott retaliated against him and unlawfully terminated his employment when he refused to comply with illegal orders.[1] Am. Compl. 1–19 (ECF No. 23). After Khnanisho mailed summons to the various Individual

---

[1] The Court refers to Sims, Bryant, Peters, Bray, and Elliott, together, as the "Individual Defendants."

1

Defendants, Defendants filed Special Appearances and Applications to Dismiss his Complaint for lack of personal jurisdiction because no Defendant had been properly served under the Rules, nor received Khnanisho's Complaint. *See* App. (ECF No. 8); Am. App. (ECF No. 16). The Court construed Defendants' Applications as a Motion to Quash Service, which the Court granted. *See* Order (ECF No. 27). The Court directed Khnanisho to Rule 4 of the Federal Rules of Civil Procedure and explained, among other things, that "[a] summons must be served *with a copy of the complaint*" and that Khnanisho, as a party to the lawsuit, may not himself serve process on any defendant. *Id.* (ECF No. 27) (emphasis in original). The Court also gave Khnanisho instructions on effecting service under the Rules and an extension of time—until June 1, 2023—to properly serve Defendants.[2] *Id.* (ECF No. 27). Finally, the Court warned Khnanisho that if he failed to properly effect service, the Court would recommend dismissal of Khnanisho's claims. *Id.* (ECF No. 27).

---

[2] The Court's Order provided:

> [T]he Court **ORDERS** Khnanisho to properly effect service on every named defendant and file proof of service with the Court by **June 1, 2023**. *See* Fed. R. Civ. P. 4(*l*). Khnanisho is responsible for properly serving each of the Defendants with a summons *and a copy of his most recent complaint* in accordance with Federal Rule of Civil Procedure 4. Khnanisho may not serve the Defendants himself. *See* Fed. R. Civ. P. 4(c) ("Any person who is at least 18 years old and not a party may serve a summons and complaint." (emphasis added)).

Order (ECF No. 27).

Thereafter, Khnanisho filed his purported "proof" of executed summonses on each of the Defendants. *See* Executed Summonses (ECF Nos. 31-36).

## Legal Standards

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

As noted in the Court's previous Order, the plaintiff in a civil action is responsible for having the summons and complaint timely served on all defendants. *See* Fed. R. Civ. P. 4(c)(1). If the plaintiff does not do so, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); *see Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013). A plaintiff's *pro se* status does not excuse the failure to properly effect service of process. *Sys. Signs Supplies v. U.S. Dep't of Just.*, 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam).

3

**Analysis**

Khnanisho has not established that he properly served any Defendant. Thus, Khnanisho has failed to comply with a Court order and failed to prosecute this lawsuit, and it should be dismissed under Rule 41(b).

I.

Rule 4(h) governs service on a corporation, partnership, or association. Fed. R. Civ. P. 4(h). Under Rule 4(h)(1)(B), a plaintiff may serve a corporation by delivering a copy of the summons and complaint to an officer or agent of the corporation and, "if the agent is one authorized by statute and the statute so requires," by mailing a copy of the complaint and summons. Fed. R. Civ. P. 4(h)(1)(B). "Alternatively, under Rule 4(h)(1)(A), a plaintiff may serve [a corporation] 'in the manner prescribed by Rule 4(e)(1) for serving an individual.'" Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e)(1) provides that service may be perfected by "following state law for serving a summons in an action in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under Texas law, service may be made on a corporation through its registered agent. Tex. Bus. Orgs. Code § 5.201(b)(1).

Here, Khnanisho has not established that service was made on the correct person. Khnanisho provides a green card that a process server mailed to "Owner Southern Mail Service." SMS Summons 3 (ECF No. 33). The green card is signed to reflect its delivery, but the signature is illegible and the card is otherwise blank. There is no printed name or any indication as to whether the person signing the

card was an authorized agent for Southern Mail. Thus, this "proof" of service shows only that the summons was delivered to an unidentified individual. But the Federal Rules require not just delivery to *an address*, but delivery to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(b). The green card does not prove that the complaint and summons were properly served on an individual who is authorized to accept service on behalf of Southern Mail. *See Fuller v. CIG Fin., LLC*, 2022 WL 4227518, at *2 (N.D. Tex. Sept. 13, 2022) (dismissing a case under Rule 12(b)(5) due to plaintiff's inability to show that service was made on a person "on whom service of the summons and complaint could lawfully be made"). Therefore, Khnanisho has, once again, failed to prove that he perfected service on Southern Mail. Due to Khnanisho's two failed efforts to properly serve Southern Mail and his failure to follow this Court's Order and the Federal Rules, the Court should dismiss Khnanisho's claims against Southern Mail under Rule 41(b).

II.

Rule 4(e) governs service on an individual. Under Rule 4(e), a plaintiff may serve an individual by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service was made" or by any of the following methods: (1) "delivering a copy of the summons and of the complaint to the individual personally," (2) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there" or (3)

5

"delivering a copy of each to an agent authorized by appointment or law to receive service of process." Fed. R. Civ. P. 4(e)(1), (2). Under Texas law, an individual may be served by "mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition." Tex. R. Civ. P. 106(2). However, "if the citation was served by registered or certified mail as authorized by Rule 106, the return by the officer or authorized person must also contain the return receipt with the addressee's signature." *See Bey v. Dominguez*, 2021 WL 389220, at *1 (N.D. Tex. Jan. 27, 2021) (internal quotations omitted).

Here, Khnanisho attempted to serve each of the Individual Defendants through a process server by certified mail delivered to Southern Mail. However, none of the green card receipts appear to have been signed by the addressee. Indeed, the return receipts for Tanya Sims and Jarred Bray were signed by "Dennis Watson," *see* Sims Summons 3 (ECF No. 32); Bray Summons 3 (ECF No. 31), and the return receipts for Charleston Peters and Janice Bryant have illegible signatures with no printed names included, *see* Peters Summons 3 (ECF No. 35); Bryant Summons 3 (ECF No. 34). Khnanisho's attempted service on Jimbob Elliott provides no return receipt at all. *See* Elliott Summons 2 (ECF No. 36). Rather, Khnanisho provides a tracking receipt indicating that the item "was delivered to the front desk, reception area, or mail room." *Id.* (ECF No. 36). The services of process, therefore, do not comport with the federal and state rules and continue to be defective. *See Bey*, 2021 WL 389220, at *1 (quoting *Keeton v. Carrasco*, 53 S.W.3d 13, 19 (Tex. App.—San Antonio 2001, pet. denied) ("[I]f the return receipt

6

is not signed by the addressee, the service of process is defective.")). Thus, Khnanisho failed to properly serve any Individual Defendant and failed to follow this Court's Order and the Federal Rules. The Court should dismiss Khnanisho's claims against the Individual Defendants under Rule 41(b).

## Recommendation

The Court should DISMISS Khnanisho's claims against the Individual Defendants under Rule 41(b).

**SO RECOMMENDED**.

October 23, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).