IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THEODORE KHNANISHO, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Case No. 3:22-cv-02791-N-BT | |
| § | | |
| SOUTHERN MAIL SERVICE, INC. § | | |
| et al., § | | |
| § | | |
| Defendants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendants Southern Mail Service, Inc., Jimbob Elliott, Charleston Peters, Tanya Sims, Jarred Bray, and Janice Bryant's (collectively, "Defendants") Motion to Dismiss under Rule 12(b) of the Federal Rules of Civil Procedure (ECF No. 44). For the reasons explained below, the District Judge should **GRANT** the Motion.

## Background

In this civil suit, *pro se* Plaintiff Theodore Khnanisho alleges that his former employer, Southern Mail Service, Inc., and various other employees of Southern Mail retaliated against him and ultimately wrongfully terminated him for raising concerns about truck safety. Am. Compl. (ECF No. 23). While Khnanisho references various state and federal laws throughout his Amended Complaint, the Court construes his live pleading as raising claims under the

1

following: (a) 42 U.S.C. § 1983; (b) 42 U.S.C. § 1985; (c) 42 U.S.C. § 12203 (ADA); (d) 42 U.S.C. § 2000e (Title VII); (e) 49 U.S.C. § 31105(e) (the Surface Transportation Assistance Act or STAA); (f) 18 U.S.C. § 371; (g) 18 U.S.C. § 242; (h) Tex. Prac. & Rem. Code § 73.001; (i) *Sabine Pilot*; and (j) 49 C.F.R. § 391.23. The majority of the factual allegations in Khnanisho's Amended Complaint concern alleged retaliation by Defendants when Khnanisho refused to operate allegedly unsafe vehicles or cut corners on federal inspection requirements. *Id.* at 9–17; 18 ("Overall, Mr. Khnanisho was retaliated for complaint about the unsafe tractors and trailers these Defendants provide for him to operate").

According to the Amended Complaint, Khnanisho worked as a tractor-trailer operator at Southern Mail Services. *Id.* at 9. He alleges that he "refused to operate trucks with any warning signs shown on the dashboard, lights not working, cracked lights, missing license plates, missing truck parts, cracked windows," but that he "kept on being assigned to trucks he had previously reported with violations to the dispatchers and the managers." *Id.* at 10. Khnanisho describes a specific incident in which his truck broke down on the side of the highway, eventually requiring a mechanic and then a tow truck. *Id.* at 13–14. After the breakdown incident, Khnanisho alleges that "Defendant Peters and Bray premeditated the following retaliation" by requiring him to fill out an accident report "to claim for the lug nut covers being missing," even though an accident had not actually taken place, and informing him he could not return to work until the managers "made a decision" on the accident report. *Id.* at 15–16.

2

According to Khnanisho, "Defendants violated [his] rights by retaliating against him, alleging he created an accident[, and] demanding him to write a falsified accident report." *Id.* at 16. Ultimately, Khnanisho writes, "Defendants continued to violate [his] employment rights under Labor Relations Act retaliation, wrongful pressure, and termination . . . Mr. Khnanisho was never called back." *Id.*

Defendants filed their Rule 12(b) Motion to Dismiss on December 12, 2023. Mot. Dismiss 1. Defendants argue that dismissal of Khnanisho's claims for violations of the STAA, Title 18, and the Federal Motor Carrier Safety Regulations is warranted under Federal Rule of Civil Procedure 12(b)(1). Defendants further argue that dismissal of the rest of Khnanisho's claims is warranted under Federal Rule of Civil Procedure 12(b)(6) because he "has pled only conclusory allegations leaving the Court unable to infer not even the possibility of misconduct." *Id.* at 3. More specifically, Defendants argue that (1) as to his § 1983 and § 1985 claims, Khnanisho fails to articulate a covered civil right or that Defendants deprived him of that right; (2) that Khnanisho has failed to exhaust his administrative remedies as required for his ADA and Title VII claims; and (3) that Khnanisho has failed to allege that Defendants' requests subjected him to criminal penalties as required for his *Sabine Pilot* claim. *See* Defs.' Reply 2–3. Khnanisho timely filed his Response (ECF No. 45), and Defendants filed a Reply (ECF No. 46). Khnanisho

3

then filed a Surreply without leave of the Court[1] (ECF No. 48). In his Surreply, Khnanisho responds by reiterating the facts surrounding the breakdown incident, providing case law in support of his *Sabine Pilot* claim, and reproducing provisions of the ADA and Section 1983. *See* Surreply 3–13.

The Motion is fully briefed and ripe for determination.

## Legal Standards

A motion to dismiss under Rule 12(b)(1) challenges a federal court's subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quotation marks and citation omitted). The Court "must presume that a suit lies outside [its] limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal

---

[1] Surreplies are not permitted under the Local Rules nor the Federal Rules of Civil Procedure as a matter of right and generally are highly disfavored. *Gezu v. Charter Comm'ns*, 2021 WL 419741, at *2 (N.D. Tex. Jan. 7, 2021), *adopted by* 2021 WL 410000 (N.D. Tex. Feb. 5, 2021). However, Defendants' Reply raised new arguments regarding the sufficiency of Khnanisho's pleadings. *See* Defs.' Reply 2–3 (raising for the first time arguments as to why Khnanisho's *Sabine Pilot* and § 1983 claims must be dismissed); *Racetrac Pet., Inc. v. J.J.'s Fast Stop, Inc.*, 2003 WL 251318, at *18 (N.D. Tex. Feb. 3, 2003) ("A sur-reply is appropriate by the non-movant only when the movant raises new legal theories or attempts to present new evidence at the reply stage"). A surreply is therefore warranted in this context to allow Khnanisho an opportunity to respond to Defendants' new arguments for dismissal. The Court will consider Khnanisho's surreply as part of the briefing.

forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001) (citations omitted).

When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the jurisdictional attack before addressing any attack on the merits. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). The Fifth Circuit recognizes two types of challenges to a federal court's subject-matter jurisdiction—"facial" attacks, which are based solely on the pleadings, and "factual" attacks, which are based on affidavits, testimony, and other evidentiary material. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); *see also Ramming*, 281 F.3d at 161 ("Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.") (citation omitted). Whether the attack is facial or factual, however, the plaintiff seeking a federal forum "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161 (citation omitted).

When a defendant files a Rule 12(b)(1) motion to dismiss without evidentiary materials supporting it, the attack is facial, and the Court need only consider the sufficiency of the allegations in the plaintiff's complaint. *Paterson*, 644 F.2d at 523. Here, Defendants filed the Motion to Dismiss unaccompanied by

exhibits or appendices, thus making a "facial" attack on the Court's subject matter jurisdiction.

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff's factual allegations must "'raise a right to relief above the speculative level,'" but they do not need to be detailed. *Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 533 (5th Cir. 2016) (citing *Rosenblatt v. United Way of Greater Hous.*, 607 F.3d 413, 417 (5th Cir. 2010)). A plaintiff's claims have facial plausibility if he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). However, the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)).

Additionally, it is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v.*

6

*Stanmore*, 636 F.2d 986, 988 (5th Cir. Unit A Feb. 1981) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam)). However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992) (citing *Elliott v. Foufas,* 867 F.2d 877, 881 (5th Cir. 1989)).

**Analysis**

The District Judge should grant Defendants' Motion and dismiss all of Khnanisho's claims and causes of action.

1. 49 U.S.C. § 31105 Claims

Defendants first argue that this Court should dismiss Khnanisho's claims under the Surface Transport Assistance Act (STAA), 49 U.S.C. § 31105, because Khnanisho has not alleged that he timely initiated a complaint with the Secretary of Labor. Mot. Dismiss 1–2. Defendants are correct, and the District Judge should dismiss Khnanisho's claims under the STAA.

The STAA protects employees from discharge, discipline, or discrimination based on the filing of a complaint related to a violation of commercial motor vehicle safety or security regulations, or his refusal to operate a vehicle when it violates those safety or security regulations. *See* 49 U.S.C. § 31105(a). The statute also provides an administrative procedure whereby an employee who is terminated in violation of the STAA may file a complaint with the Secretary of Labor. *Id.* at § 31105(e). Indeed, the statute sets forth a comprehensive

7

administrative scheme for the resolution of claims of retaliation by employees who have complained of safety violations. As detailed in the statute, judicial review of such complaints is available only after the Secretary of Labor fails to issue a final order within the allotted time or where the losing party seeks to challenge the Secretary's final order. *Id.* at § 31105(c)–(d).

Here, although he includes many facts about the events giving rise to his claim, Khnanisho has failed to plead any facts indicating that he has filed a complaint with the Secretary of Labor, that he received an adverse decision, or that it has been more than 210 days without an answer since he filed a complaint with the Secretary of Labor. Khnanisho thus is not entitled to pursue a claim in federal court, and the District Judge should grant Defendants' Motion to Dismiss those claims. *See Budri v. FirstFleet, Inc.*, 2019 WL 5587181, at *5–6 (N.D. Tex. Sept. 20, 2019), *adopted by* 2019 WL 5579971 (N.D. Tex. Oct. 29, 2019) (dismissing plaintiff's STAA claims due to plaintiff's failure to allege that the Secretary of Labor failed to issue a final decision within 210 days); *Mattingly v. Heartland Exp., Inc., of Iowa*, 2011 WL 886170, at *4 (N.D. Ind. Mar. 14, 2011) (granting summary judgment on STAA claim because plaintiff failed to file a complaint with the Secretary of Labor before pursuing a federal action).

2. <u>Claims under the Federal Motor Carrier Safety Regulations</u>

Khnanisho also alleges that Defendants violated 49 U.S.C. § 391.23, a Federal Motor Carrier Safety Regulation (FMCSR), by directing him to call his former employers to verify his safety performance history—a task that Khnanisho

8

argues should have been Defendants' responsibility. Am. Compl. 18. Defendants argue that the FMCSRs do not provide a private right of action. Defs.' Reply 2–3.

The Fifth Circuit has not ruled on the question of whether the FMCSRs provide a private right of action. However, at least two courts within this district have concluded that the FMCSRs do not, as have courts outside of this circuit. *See Fuller v. Werner Ent., Inc.*, 2018 WL 3548886, at *4 (N.D. Tex. July 24, 2018) (concluding as part of a preemption question on summary judgment that the FMCSRs provide no private right of action that could preempt any state rule of law); *Lipscomb v. Zurich Am. Ins. Co.*, 2012 WL 1902595, at *1–2 (E.D. La. May 25, 2012) (dismissing plaintiff's claims because the FMCSRs do not create a private cause of action); *Hall v. Chang Soo Kang*, 2017 WL 2414916, at *3 (W.D. Okla. June 1, 2017) ("Those [enforcement] mechanisms [in the FMCSRs] do not appear to include a private right of action . . . and the weight of authority suggests Congress did not intend to authorize a private right of action based on claimed violations of the FMCSRs"). Khnanisho has not pointed the Court to—and the Court has not identified through its own research—any part of the statute that provides him with the right to sue for Defendants' violation of the FMCSRs. Therefore, considering the existing case law, the District Judge should dismiss Khnanisho's FMCSR claims.

3. Title 18 Criminal Claims

To the extent Khnanisho's Amended Complaint attempts to bring claims under Title 18 of the United States Code, *see* Am. Compl. 1–2, these claims must also be dismissed.

Title 18 is a federal criminal statute and generally provides no private right of action. *See Tovar v. U.S. Healthworks*, 2020 WL 1015824, at *2 (N.D. Tex. Feb. 3, 2020) (Toliver, J.) (recommending that plaintiff's federal criminal claims be dismissed because "private causes of action are not available under penal statutes"), *adopted by Tovar v. U.S. Healthworks Concentra*, 2020 WL 998804 (N.D. Tex. Feb. 28, 2020) (Lynn, J.); *Sappore v. Arlington Career Inst.,* 2010 WL 446076, at *2 (N.D. Tex. Feb. 8, 2010) (Godbey, J.) ("Private citizens do not have the right to bring a private action under a federal criminal statute.") (citing *Pierre v. Guidry*, 75 F. App'x 300, 301 (5th Cir. 2003) (per curiam)). Thus, the District Judge should dismiss any of Khnanisho's claims premised upon an alleged violation of a criminal statute.

4. Section 1983 and 1985 Claims

Defendants argue that Khnanisho's § 1983 and § 1985 claims should be dismissed because the Amended Complaint is "completely bereft of any alleged fact that makes a claim that any Defendant deprived Plaintiff of a protected right, and similarly bereft of any fact supporting a claim that any Defendant is acting under color of law." Defs.' Reply 2. Likewise, Defendants argue that Khnanisho's Amended Complaint "fails to identify actionable activity by any Defendant that

10

constitutes prohibited conspiratorial conduct" to make out his § 1985 claim. *Id*. The Court construes Khnanisho's § 1985 claim as being brought under § 1985(3). *See* 42 U.S.C. § 1985(3).

To state a claim under § 1983, a plaintiff must establish two elements: (1) a constitutional violation; and (2) that defendants were acting under color of state law when they committed the violation. *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013). Only a state actor can be held liable under § 1983. *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 923 (1982). A party may be considered a state actor if it "has acted with or obtained significant aid from state officials," or if its "conduct is otherwise chargeable to the State." *Id*. A claim under § 1985 requires an allegation that the plaintiff was subject to racial or class-based discriminatory animus. *Lyons v. Starbucks Coffee Co.*, 2021 WL 2557154, at *2 (N.D. Tex. April 12, 2021) (citing *Griffin v. Breckenridge*, 403 U.S. 88, 120 (1971).

Here, Khnanisho has not plausibly alleged any of these elements. Other than vaguely asserting throughout the Amended Complaint that defendants violated his rights, the pleading contains no specifics as to *which* of Khnanisho's constitutional rights Defendants violated. Further, Khnanisho does not allege anywhere that Defendants were state actors, or that Defendants were acting under color of state law. To the contrary, Khnanisho states in his Surreply that "Southern Mail Services is by extension the USPS and its employees acted under color of federal law." Surreply 2. Similarly, Khnanisho's Amended Complaint is devoid of any allegations that Defendants harassed him on racial or class-based

11

discriminatory grounds. Khnanisho's allegations are too conclusory to avoid dismissal of his Amended Complaint. *See Jones v. Gorman*, 2023 WL 2976561, at *2–3 (N.D. Tex. Mar. 21, 2023), *adopted by* 2023 WL 2975167 (N.D. Tex. April 17, 2023) (dismissing § 1983 claim for failing to plausibly allege that defendants were state actors or acting under color of state law); *Lyons*, 2021 WL 2557154, at *2 (dismissing § 1985 claim for failure to allege racial or class-based discriminatory animus).

5. ADA and Title VII Claims

Defendants argue that Khnanisho's ADA and Title VII claims must be dismissed because he has failed to exhaust administrative remedies. *See* Defs.' Reply 2. In his Amended Complaint, Khnanisho states that he "brought this lawsuit under violations" including 42 U.S.C. § 12203 and 42 U.S.C. § 2000e-3, which are the statutes containing the ADA and Title VII, respectively. Am. Compl. 1. Khnanisho includes no further allegations relating to ADA or Title VII claims.

The ADA prohibits discrimination in employment against a qualified individual on the basis of his disability. *See* 42 U.S.C. § 12112(a). The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities, (B) a record of such an impairment, or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). Similarly, Title VII prohibits discrimination in employment against any individual "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-

2(a)(1). Khnanisho fails to plead facts to demonstrate he has a "disability" under the ADA or that he is a member of any class of persons protected by Title VII.

Furthermore, under both the ADA and Title VII, a plaintiff must exhaust their administrative remedies before commencing an action in federal court against his employer. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996) ("We join [other circuits] in holding that an employee must comply with the ADA's administrative prerequisites prior to commencing an action in federal court against her employer for violation of the ADA"); *Hall v. Continental Airlines, Inc.*, 252 F. App'x 650, 653 (5th Cir. 2007) ("Before an individual can pursue a Title VII claim in federal court, she must first exhaust her available administrative remedies"). Exhaustion occurs when an individual files a timely complaint with the EEOC, the claim is dismissed by that agency, and the agency informs the individual of his right to sue in federal court. *See* 42 U.S.C. § 2000e-5; *Dao*, 96 F.3d at 789 (noting that the ADA incorporates by reference the procedures applicable to actions under Title VII).

Khnanisho includes no indication in his Amended Complaint that he has exhausted the administrative remedies set out in the ADA and Title VII before filing this lawsuit. Khnanisho's failure to plead that he followed these administrative procedures warrants dismissal of his ADA and Title VII claims. *Hall*, 252 F. App'x at 653; *Dao,* 96 F.3d at 789*; see also Barnes v. 7-Eleven Inc.*, 2024 WL 628014, at *3 (N.D. Tex. Feb. 14, 2024) (Brown, J.) (collecting cases where courts have held that a plaintiff's complaint is subject to dismissal under

13

Rule 12(b)(6) when the plaintiff "fails to allege exhaustion of administrative remedies.").

6. *Sabine Pilot* Claim

Defendants argue that Khnanisho's *Sabine Pilot* claim must fail because Khnanisho does not allege that his employer's request would have subjected him to criminal penalties. Defs.' Reply 3. In his Amended Complaint, Khnanisho alleges that during the course of his employment, he noticed that "not one signature or repair was documented as required under the Federal Motor Carrier Safety Administration laws on any of the logbooks in any of the tractors." Am. Compl. 9. Further, he "refused to operate trucks with any warning signs shown on the dashboard, lights not working, cracked lights, missing license plates, missing truck parts, cracked windows, etc." and would report these issues to the dispatchers' office. *Id.* According to Khnanisho, the truck operators were personally responsible for any violations that appear on a Department of Public safety or police inspection. *Id.* Further, he observed dispatchers and managers who "never conducted a pre-trip inspection to make sure [a truck] is legal to operator on public streets." *Id.* at 10. Ultimately, Khnanisho argues that Defendants orchestrated an accident as a way to retaliate against him for speaking to dispatchers and managers about issues with the trucks. *See* Pl.'s Resp. 3; Surreply 4.

*Sabine Pilot* created a narrow public policy exception to Texas's employment-at-will doctrine. *Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733,

14

734 (Tex. 1985). While an employer in most cases may terminate an at-will employee at any time without cause, it cannot discharge an employee solely because the employee refused to perform an illegal act. *Id.* at 735. To establish a claim of wrongful termination under *Sabine Pilot*, a plaintiff must prove that (1) he was required to commit an illegal act which carries criminal penalties; (2) he refused to engage in the illegality; (3) he was discharged; and (4) the sole reason for his discharge was his refusal to commit an unlawful act. *Id.*; *White v. FCI USA, Inc.*, 319 F.3d 672, 676 (5th Cir. 2003). A plaintiff must identify a specific statute applicable to his conduct that imposes a criminal penalty. *Akene v. Goodwill Ind. of Central Tex.*, 2018 WL 1128149, at *4 (W.D. Tex. Mar. 1, 2018).

Here, although Khnanisho includes extensive detail in his Amended Complaint about the incident where his truck broke down, he fails to state a claim under *Sabine Pilot* because he does not identify a criminal act—with a specific statute applicable to the conduct—that he was required to perform. *See Sabine Pilot Servs., Inc.*, 687 S.W.2d at 735. Khnanisho alleges that the issues he noticed on the trucks may have been in violation of Federal Motor Carrier Safety Administration laws, *see* Am. Compl. 9, but without identifying a *criminal* statute, his *Sabine Pilot* claim cannot proceed and must be dismissed. *Khanmohamed v. Del Frisco's Grille of TX, LLC*, 2015 WL 13851103, at *6 (N.D. Tex. Dec. 28, 2015) (dismissing plaintiff's *Sabine Pilot* claim because he did not allege that he was required to commit an illegal act that required criminal penalties)

7. <u>Texas Civil Practices & Remedies Code § 73.001 Claim</u>

Finally, the District Judge should dismiss Khnanisho's Texas state law libel claim. Khnanisho spells out the elements of libel under Texas law in his Amended Complaint, but his allegations only include only conclusory statements such as "Mr. Khnanisho had suffered from defamatory statements made by these Defendants with malice, a conscious, internal wrongdoing [] of a civil wrong like libel" and "Mr. Khnanisho is entitled to [damages] for Defendants' libel and slander." Am. Compl. 19. Khnanisho does not provide any detail as to the content of the alleged defamatory statement or who said it. With such sparse allegations, Khnanisho cannot state a claim under Tex. Prac. & Rem. Code § 73.001. *See Vaughns v. Tex.*, 2023 WL 9231398, at *7 (N.D. Tex. Aug. 29, 2023) (dismissing a defamation claim because the plaintiff's "sparse allegations lack[ed] enough detail to plausibly allege each required element of a defamation claim under Texas law—in particular, the words alleged to be defamatory").

**Leave to Amend**

The Fifth Circuit advises courts to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce,*

*Fenner & Smith, Inc.*, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2.

Khnanisho has already amended his complaint in response to an earlier filed motion to dismiss. And the time to file objections to this recommendation, further explained below, provides Khnanisho one final opportunity to cure the deficiencies identified above—that is, provide enough facts to plausibly allege a claim over which the Court has jurisdiction—and thus show the Court that this case should not be dismissed and that the Court should instead grant Khnanisho leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, Fed. R. Civ. P. 15(a)(2), but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016). If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave. *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002).").

If Khnanisho fails to show that leave to amend should be granted before the deadline for objecting to this recommendation, the Court should dismiss the complaint with prejudice.

## Recommendation

As set forth above, the District Judge should **GRANT** Defendants' Motion to Dismiss and dismiss Khnanisho's complaint with prejudice.

**SO RECOMMENDED.**

June 20, 2024.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within **14 days** after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Svcs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).